UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>            Plaintiff, )<br>                                                   )<br>-v-                                            )<br>                                                   )<br>ANASTACIO CARRILLO, )<br>            Defendant. )<br>_____ ) | No. 1:17-cr-104-02<br><br>Honorable Paul L. Maloney |

## MEMORANDUM OPINION AND ORDER

Defendant Anastacio Carrillo requests the Court modify his sentence under 18 U.S.C. § 3582(c)(2) (ECF No. 167). Defendant relies on Amendment 821 to the Sentencing Guidelines, which the Sentencing Commission has made retroactive. The Court will deny the motion.

Once a district court imposes a sentence, the court may not modify that sentence except in limited circumstances. *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021). One such exception, § 3582(c), permits a district court to modify a sentence when the Sentencing Commission makes guidelines modifications that lower the sentencing guidelines range for that defendant. 18 U.S.C. § 3582(c)(2). The district court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

For motions brought under § 3582(c), district courts conduct a two-step review. See *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*,

560 U.S. 817, 826-27 (2010)). The court must first determine the defendant's eligibility, whether the Sentencing Commission's changes actually lowered the defendant's guidelines range. *See Dillon*, 560 U.S. at 827 Second, the court must consider the § 3553(a) factors to decide whether to exercise its discretion to reduce the defendant's sentence. *Id.* Defendant's motion fails at the first step.

Amendment 821 contains two retroactive provisions. Part A of Amendment 821 decreases "status points" by one point for defendants with seven or more criminal history points and eliminates "status points" for defendants with six or fewer criminal history points. "Status points" are those points that were applied under then United States Sentencing Guideline (U.S.S.G.) § 4A1.1(d) if the defendant committed his or her federal offense while on probation, parole, supervised release, imprisonment, work release, or escape status. Part B of Amendment 821 provides for a decrease of two offense levels for "zero-point offenders" (no criminal history points), whose offense did not involve specific aggravating factors.

The Court finds Defendant ineligible for a modification of sentence under 18 U.S.C. § 3582(c)(2) because, applying the retroactive amendments, his guidelines range did not change.

In his motion, Defendant specifically invokes the retroactive changes to "status points" in Part A of Amendment 821. He claims he is entitled to a reduced sentence on that basis; Defendant does not seek relief as a zero-point offender (he was not one). Defendant scored seven criminal history points before the application of any status points (PSR, ¶ 71). After applying the recent guideline amendment, Defendant's status points decrease from two to one. Ordinarily, defendants with a criminal history score of 7, 8 and 9 have a criminal

history category IV. Therefore, the reduction in criminal history points from 9 to 8 would not change Defendant's criminal history category. More problematic for Defendant, he is a career offender under U.S.S.G. 4B1.1, which places him in criminal history category VI, regardless of any status points received in the criminal history points calculation. As a career offender, the amended guidelines concerning status points do not affect the calculation of his sentence. *See United States v. Hamilton*, No. CR 11-10133-FDS, 2023 WL 8880344, at *1 (D. Mass. Dec. 22, 2023) (career offender ineligible for reduced sentence under Guideline Amendment 821); *Razo v. United States*, No. 1:11-CR-00184-JAW-1, 2023 WL 8890804, at *2 (D. Me. Dec. 26, 2023) (same); *United States v. Shaw*, No. 05-20073-JWL, 2023 WL 8234308, at *1 (D. Kan. Nov. 28, 2023) (same). Accordingly, Defendant is not eligible for a reduced sentence because the guideline calculation has not changed.

Defense counsel directs the Court to USSG § 1B.10(b)(2)(B). That portion of the policy statement does not provide Defendant any relief. The provision applies only when a defendant is eligible for a sentence reduction; that provision does not create a separate and distinct basis for eligibility for a sentence reduction.

Accordingly, the Court **DENIES** Defendant's motion for a sentence reduction (ECF No. 167).

    **IT IS SO ORDERED**.

Date:   April 26, 2024                                /s/ Paul L. Maloney
                                                                                    Paul L. Maloney
                                                                                    United States District Judge